**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| KELLY ISBELL, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br><br>JONATHAN ADLER ENTERPRISES, LLC,<br><br>Defendant. | Case No.<br><br>**DEFENDANT JONATHAN ADLER ENTERPRISES, LLC'S NOTICE OF REMOVAL** |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and Local Civil Rule 101(a), Defendant JONATHAN ADLER ENTERPRISES, LLC, a New York Limited Liability Company ("**Defendant**" or "**Jonathan Adler**"), by and through its undersigned attorneys, hereby files this Notice of Removal to remove the underlying state court putative class action from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington, Seattle Division, as described below.

The Court has original jurisdiction over this case under 28 U.S.C. § 1332(d) because there is minimal diversity between Plaintiff and Defendant, there are at least 100 putative class members and the amount in controversy exceeds the $5,000,000 minimum.



BERESFORD ♦ BOOTH
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 FAX

## INTRODUCTION

1. Plaintiff KELLY ISBELL ("**Plaintiff**") commenced this putative class action on or about November 14, 2025, by filing a Class Action Complaint with the Clerk of the Superior Court of King County, Washington (Case No. 25-2-34128-3) (the "**State Court Action**") for claims of, *inter alia*, violations of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.* ("**CEMA**") and the Consumer Protection Act, RCW 19.86 *et seq.* ("**CPA**"). A true and correct copy of Plaintiff's Complaint is filed herewith as **Exhibit 1**.

2. As set forth more fully below, the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("**CAFA**") confers original jurisdiction on the Court because minimal diversity exists between the plaintiff (and putative class members) and Defendant and, according to the allegations in Plaintiff's Complaint, there are there are more than 100 putative class members and the amount in controversy exceeds $5,000,000.

## PROCEDURAL REQUIREMENTS OF REMOVAL

3. Removal is proper because the State Court Action is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" and thus "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). *Accord* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . .").

4. Defendant first received a copy of Plaintiff's initial pleading, the Complaint, in the State Court Action when it was served on November 17, 2025. A true and correct copy of the Affidavit of Service is filed herewith as **Exhibit 2**. Defendant files this Notice of Removal within 30 days of Defendant's receipt of the Complaint in the State Court Action, and, thus, removal is timely. *See* 28



BERESFORD ♦ BOOTH
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 FAX

U.S.C. § 1446(b)(1).

5. The State Court Action is properly removed to this Court because the Superior Court of King County, Washington is located within the Seattle Division of the Western District of Washington. 28 U.S.C. § 1446(a).

6. As provided by 28 U.S.C. § 1446(d), Counsel for Defendant avers that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of King County, Washington, and provide notice of the same to Plaintiff's counsel, in the same or similar form as the Defendant's Notice to State Court of Notice of Removal filed herewith as **Exhibit 3**.

## CAFA JURISDICTION

7. The State Court Action is a civil action within the original jurisdiction of the federal district courts under CAFA, which confers original jurisdiction on the Court because (a) minimal diversity exists among the parties and Plaintiff alleges the existence of (b) a putative class of more than 100 members and (c) Defendant reasonably believes Plaintiff is seeking damages in excess of $5,000,000.

8. Defendant denies the merits of Plaintiff's claims, the factual allegations of the Complaint, and that Plaintiff or the putative class members are entitled to damages. Defendant further opposes certification of the putative class. However, for removal purposes only, the allegations of the Complaint establish federal jurisdiction pursuant to CAFA.

### (a) Minimal Diversity Exists Among the Parties

9. CAFA requires that the removing party show that at least one putative class member is a citizen of a different state than one defendant. 28 U.S.C. 1332(d)(2)(A).

10. According to the allegations of the Complaint, Plaintiff is a resident of the State of Washington. [Complaint ¶ 11]. Plaintiff filed this case as a putative class action, in which Plaintiff



BERESFORD ♦ BOOTH
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 FAX

seeks to represent the following class:

> All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period.

[Complaint ¶ 66]. Accordingly, the State of citizenship of all putative class members, including the named Plaintiff, is Washington. *Id. See Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (holding that an allegation of the citizenship of putative class members in sufficient to invoke CAFA jurisdiction).

11. Defendant Jonathan Adler is a single member limited liability company organized under the laws of the State of New York, with its principal place of business located in New York, New York. Jonathan Adler's sole member is JA Holdco LLC, a single member Delaware limited liability company, of which JA OPCO Holding LLC is the sole member. JA OPCO Holding LLC is a New York limited liability company with two (2) members. The two (2) members of JA OPCO Holding LLC are: (1) Yousef Althekefait, a citizen of the State of New York and (2) Ouni Mamrout, a citizen of the State of New York. Thus, for purposes of diversity under CAFA, Defendant is a citizen of New York.

12. No member or indirect owner of Defendant is a citizen or domicile of the State of Washington.

13. Based on the foregoing, minimal diversity exists among the parties in this putative class action as at least one putative class member, Plaintiff, is a citizen of a different state than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

**(b) <u>The Putative Class Includes at Least 100 Members</u>**

14. Plaintiff alleges that the putative class "is so numerous that joinder of all members is impracticable because the Class is estimated to contain thousands of members." [Complaint ¶ 70].

15. Accordingly, CAFA's requirement that the putative class contain at least 100 members



BERESFORD ♦ BOOTH
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 FAX

is satisfied in this case based on the allegations of Plaintiff's Complaint.

**(c) <u>The Aggregate Amount in Controversy Exceeds $5 million</u>**

16. CAFA jurisdiction requires that the aggregate claims of the putative class, exclusive of interest and costs, exceed $5,000,000. 28 U.S.C. § 1332(d)(2).

17. Where Plaintiff fails to specify the amount in controversy in her complaint, the Court's Local Civil Rules require Defendant to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount." LCR 101(a).

18. While the Defendant seeking removal bears the burden of establishing that the amount in controversy satisfies the statutory minimum established by the Statute, the presumption against removal is not applied to cases removed pursuant to CAFA. *See Dart v. Cherokee Basin Oper. Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[1] *Id.*

19. Plaintiff seeks $500.00 in statutory damages under CEMA for each email sent to a putative class member, subject to trebling under the CPA. [Complaint ¶ 93 & Prayer For Relief ¶ C].

20. Plaintiff identifies twenty-seven (27) separate emails listed in Exhibit A of the Complaint as having allegedly been sent or caused to be sent to "thousands" of putative class members by Defendant. [Complaint ¶¶ 51, 70 & Exhibit A]. Thus, it appears that Plaintiff is asserting as many as 27,000 violations of CEMA and the CPA.

21. Accepting Plaintiff's allegations as true for the limited purpose of establishing the

[1] "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy. *Dart*, 574 U.S. at 89.



BERESFORD ♦ BOOTH
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 FAX

propriety of removal, CAFA's $5,000,000 minimum amount in controversy is satisfied in this case based on Plaintiff's allegation of 27,000 statutory violations each subject to a $500 statutory damages award and trebling.[2]

**(d) <u>Other Procedural Requirements are Satisfied</u>**

22. In accordance with Local Civil Rule 101(b)(3), a true and correct copy of Plaintiff's Jury Demand filed in the State Court Action is filed herewith as **<u>Exhibit 4</u>**.

23. In accordance with Local Civil Rule 101(b)(2), a certificate of service which lists all counsel and pro se parties who have appeared in the State Court Action with their contact information, including email address, is submitted herewith.

24. In accordance with Local Civil Rule 101(b)(4), a completed Civil Cover Sheet (A044) is submitted herewith.

25. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the docket report for the State Court Action and all process, pleadings and orders in the State Court Action of record as of the date of this Notice of Removal (aside than those already supplied as Exhibits 1, 2 and 4) are filed herewith, collectively, as **<u>Exhibit 5</u>**.

**RESERVATION OF RIGHTS**

26. By filing this Notice of Removal, Defendant does not waive and specifically reserves its right to object to sufficiency of service and/or of process, personal jurisdiction, failure to state a claim, or any other defenses and/or objections that would have been available to it in the State Court Action. Defendant further expressly reserves its rights to object to class certification on any ground otherwise available to it.

27. In the event a question arises as to the propriety of the removal of the State Court

---

[2] Defendant denies the merits of Plaintiff's allegations.



BERESFORD ♦ BOOTH
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 FAX

Action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

## CONCLUSION

28. Based on the foregoing, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). Because the State Court Action is one within the original jurisdiction of the federal district courts, the action is removable under 28 U.S.C. § 1441(a). Further, the procedural requirements of removal set forth in 28 U.S.C. § 1446 are satisfied. Therefore, the State Court Action is properly removed to this Court.

WHEREFORE, this action should proceed in the United States District Court for the Western District of Washington, as an action properly removed thereto.

Dated: December 17, 2025

BERESFORD BOOTH PLLC

/s/ *Todd J. Cook*
Todd J. Cook, WSBA No. 44729
145 Third Avenue South
Edmonds, Washington 98020
(425) 776-4100
toddc@beresfordlaw.com

Catherine M. Towne, Esq. (*pro hac vice to be filed*)
BOCHNER PLLC
1040 Avenue of the Americas
15th Floor
New York, NY 10018
(646) 971-0685

*Attorneys for Defendant Jonathan Adler Enterprises, LLC*