1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Kymberly K. Evanson

**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

KELLY ISBELL, on her own behalf and on
behalf of others similarly situated,

                            Plaintiff,

vs.

JONATHAN ADLER ENTERPRISES, LLC,

                            Defendant.

Case No.  2:25-cv-02596-SKV

**DEFENDANT JONATHAN ADLER**
**ENTERPRISE'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S CLASS ACTION**
**COMPLAINT**

Defendant Jonathan Adler Enterprises, LLC ("Jonathan Adler" or "Defendant"), by and

through its undersigned attorneys, hereby responds to the Class Action Complaint filed by

Plaintiff Kelly Isbell in this action as follows:

## I.      INTRODUCTION

1.      Jonathan Adler admits that the Washington State Legislature enacted the

Commercial Electronic Mail Act (CEMA), codified at 190 of Title 19 of the Revised Code of

Washington (RCW) in 1998. Paragraph 1 contains a legal conclusion to which no response is

required. To the extent a response is required, CEMA speaks for itself. Jonathan Adler denies all

remaining allegations in paragraph 1.

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 1
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

2.    Paragraph 2 states a legal conclusion to which no response is required. To the extent paragraph 2 cites a statute, RCW 19.190.020(1)(b), the statute speaks for itself. Jonathan Adler denies all remaining allegations in paragraph 2.

3.    Jonathan Adler denies the allegations in paragraph 3.

4.    Jonathan Adler admits that it sells furniture and other interior design items. All remaining allegations of paragraph 4 are denied.

5.    Jonathan Adler denies the allegations in paragraph 5.

6.    Jonathan Adler denies the allegations in paragraph 6.

7.    Jonathan Adler denies the allegations in paragraph 7.

8.    Jonathan Adler admits that Plaintiff purports to allege claims under CEMA and the Washington Consumer Protection Act (RCW 19.86.020) against Jonathan Adler in its Complaint and that Plaintiff seeks injunctive relief in its Complaint. All remaining allegations of paragraph 8 are denied.

## II.    JURISDICTION AND VENUE

9.    Because the case has been removed from the Superior Court of Washington, King County, no response is required to the allegations of paragraph 9. Jonathan Adler admits that jurisdiction is proper in this Court for the reasons set forth in its Notice of Removal. (ECF No. 1.)

10.    Because the case has been removed from the Superior Court of Washington, King County, no response is required to the allegations of paragraph 10. Jonathan Adler admits that venue is appropriate in this District and Division for the reasons set forth in its Notice of Removal. (ECF No. 1.)

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 2
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

### III.    PARTIES

11.    Plaintiff lacks knowledge and information sufficient to form an opinion as to the truth or falsity of the allegations of paragraph 11.

12.    Jonathan Adler admits the allegations set forth in paragraph 12.

### IV.    FACTUAL ALLEGATIONS

**A.    CEMA protects Washington consumers from deceptive spam emails.[1]**

13.    Paragraph 13 contains a legal conclusion to which no response is required. The caselaw cited in paragraph 13 speaks for itself. Jonathan Adler denies all other allegations in paragraph 13, including characterizations of the caselaw quoted.

14.    Jonathan Adler lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 14 and therefore denies them.

15.    Jonathan Adler lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 15 and therefore denies them.

16.    Jonathan Adler denies the allegations in paragraph 16.

17.    Paragraph 17 contains a legal conclusion to which no response is required. To the extent a response is required, Jonathan Adler lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 and therefore denies them.

18.    Paragraph 18 cites a journal article. The article speaks for itself. To the extent a response is required, Jonathan Adler lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 18 and therefore denies them.

19.    Paragraph 19 cites a journal article. The article speaks for itself. To the extent a

---

[1] Jonathan Adler expressly denies all allegations in the headings and sub-headings included in Plaintiff's Complaint.

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 3
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

response is required, Jonathan Adler lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 19 and therefore denies them.

20.    Jonathan Adler denies the allegations in paragraph 20.

21.    Jonathan Adler denies the allegations in paragraph 21.

22.    Jonathan Adler lacks sufficient knowledge and information to admit or deny the allegations in paragraph 22 and therefore denies them. To the extent that paragraph 22 quotes an article from the New York Times Wirecutter, the article speaks for itself. Jonathan Adler denies all remaining allegations in paragraph 22.

23.    Paragraph 23 contains a legal conclusion to which no response is required. To the extent that a response is required, Jonathan Adler states that the law quoted speaks for itself. Jonthan Adler denies all remaining allegations in paragraph 23, including any characterization of the law cited.

24.    Paragraph 24 contains a legal conclusion to which no response is required. Paragraph 24 includes a quotation from caselaw. Jonathan Adler denies all remaining allegations in paragraph 24, including any characterizations of the quoted text.

25.    Paragraph 25 contains a legal conclusion to which no response is required. Paragraph 25 also quotes and cites caselaw. The caselaw cited and quoted speaks for itself.  To the extent that a further response is required, Jonathan Adler lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 25 and therefore denies them.

26.    Paragraph 26 contains a legal conclusion to which no response is required. Paragraph 26 also quotes caselaw. The caselaw speaks for itself. To the extent that a further response is required, Jonathan Adler lacks sufficient knowledge and information to form a

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 4
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

belief as to the truth or falsity of the allegations in paragraph 26 and therefore denies them.

27.   Paragraph 27 contains a legal conclusion to which no response is required. Paragraph 27 also quotes caselaw. The caselaw speaks for itself. To the extent that a response is required, Jonathan Adler denies the allegations in paragraph 27.

28.   Paragraph 28 contains a legal conclusion to which no response is required. Paragraph 28 also quotes caselaw. The caselaw speaks for itself. To the extent that a response is required, Jonathan Adler denies the allegations in paragraph 28.

29.   Paragraph 29 contains a legal conclusion to which no response is required. Paragraph 29 cites caselaw. The caselaw speaks for itself. To the extent that a response is required, Jonathan Adler denies the allegations in paragraph 29.

**B.   The subject lines of Jonathan Adler's marketing emails make false time scarcity claims.**

30.   Paragraph 30 contains a legal conclusion to which no response is required. Paragraph 30 also cites two articles. The articles cited speak for themselves. To the extent that a response is required, Joathan Adler lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 30 and therefore denies them.

31.   Paragraph 31 contains a legal conclusion to which no response is required. Paragraph 31 cites an article. The article cited speaks for itself. To the extent a response is required, Jonathan Adler lacks sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 and therefore denies them.

32.   Paragraph 32 contains a legal conclusion to which no response is required. Paragraph 32 also quotes an article. The article speaks for itself. To the extent that a further response is required, Jonathan Adler lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 32 and therefore denies them.

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 5
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

33.     Jonathan Adler lacks sufficient knowledge information to form a belief as to the truth or falsity of the allegations in paragraph 33 and therefore denies them. Paragraph 33 includes a citation to an article. The article speaks for itself. Jonathan Adler denies all remaining allegations in paragraph 33.

34.     Jonathan Adler lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 34 and therefore denies them. Paragraph 34 cites and quotes an article. The article speaks for itself. Jonathan Adler denies all remaining allegations in paragraph 34.

35.     Paragraph 35 contains a legal conclusion to which no response is required. Paragraph 32 also cites an article. The article speaks for itself. To the extent a further response is required, Jonathan Adler lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 35 and therefore denies them.

36.     Paragraph 36 contains a legal conclusion to which no response is required. Paragraph 36 also cites and quotes an article. The article speaks for itself. To the extent that a further response is required, Jonathan Adler lacks sufficient knowledge and information to form an opinion as to the truth or falsity of the allegations in paragraph 36 and therefore denies them.

37.     Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Jonathan Adler denies the allegations in paragraph 37.

38.     Paragraph 38 contains a legal conclusion to which no response is required. Paragraph 38 also cites and quotes an article. The article speaks for itself. To the extent that a further response is required, Jonathan Adler lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 38 and therefore denies them.

39.     Jonathan Adler denies the allegation that "false scarcity claims also harm market

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 6
CASE NO. 25-CV-02596-SKV

BERESFORD ♦ BOOTH
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

competition." Paragraph 39 also quotes an article. The article speaks for itself. To the extent that a response is required, Jonathan Adler lacks sufficient knowledge and information to form an opinion as to the truth or falsity of the allegations in paragraph 39 and therefore denies them.

40.    Jonathan Adler denies the allegations in paragraph 40.

41.    The email alleged to exist in paragraph 41, if any such email exists, speaks for itself. To the extent that a further response is required, Jonathan Adler denies all remaining allegations in this paragraph.

42.    The emails alleged to have been sent in paragraph 42, if any such emails exist, speak for themselves. To the extent that a further response is required, Jonathan Adler denies the allegations in paragraph 42.

43.    The emails alleged to have been sent in paragraph 43, if any such emails exist, speak for themselves. To the extent that a further response is required, Jonathan Adler denies the allegations in paragraph 43.

44.    Jonathan Adler denies the allegations in paragraph 44.

45.    The email alleged to exist in paragraph 45, if any such email exists, speaks for itself. To the extent that a further response is required, Jonathan Adler denies the allegations in paragraph 45.

46.    Jonathan Adler denies the allegations in paragraph 46.

47.    The email alleged to exist in paragraph 47, if any such email exists, speaks for itself. To the extent that a further response is required, Jonathan Adler denies the allegations in paragraph 47.

48.    The email alleged to exist in paragraph 48, if any such email exists, speaks for itself. To the extent that a further response is required, Jonathan Adler denies the allegations in

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 7
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

1  paragraph 48.

2      49.    Jonathan Adler denies the allegations in paragraph 49.

3      50.    The emails alleged to exist in paragraph 50, if any such emails exist, speak for

4  themselves. To the extent that a further response is required, Jonathan Adler denies the

5  allegations in paragraph 50.

6      51.    Jonathan Adler admits that Exhibit A to the Complaint lists emails purportedly

7  sent by Jonathan Adler, and states that the emails set forth therein, to the extent any such emails

8  exist, speak for themselves. Jonathan Adler denies all remaining allegations in paragraph 51.

9  **C.      Jonathan Adler knows when it sends emails to Washington residents.**

10     52.    Jonathan Adler denies the allegations in paragraph 52.

11     53.    Jonathan Adler denies the allegations in paragraph 53.

12     54.    Jonathan Adler denies the allegations in paragraph 54.

13     55.    Jonathan Adler denies the allegations in paragraph 55.

14     56.    Jonathan Adler denies the allegations in paragraph 56.

15     57.    Jonathan Adler denies the allegations in paragraph 57.

16     58.    Jonathan Adler denies the allegations in paragraph 58.

17     59.    Jonathan Adler lacks sufficient knowledge and information to ascertain the truth

18  or falsity of the allegations in paragraph 59 and therefore denies them.

19     60.    Paragraph 60 contains a legal conclusion to which no response is required. To the

20  extent a response is required, Jonathan Adler denies the allegations in paragraph 60.

21  **D.      Jonathan Adler violated Plaintiff's right under CEMA to be free from deceptive commercial emails.**

22     61.    Jonathan Adler denies the allegations in paragraph 61.

23     62.    Jonathan Adler lacks knowledge and information sufficient to form a belief as to

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 8
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

the truth or falsity of the allegations in paragraph 62 and therefore denies them.

63.    Jonathan Adler lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 and therefore denies them.

64.    Paragraph 64 contains a legal conclusion to which no response is required. To the extent a response is required, Jonathan Adler denies the allegations in paragraph 64.

65.    Paragraph 65 contains a legal conclusion to which no response is required. To the extent a response is required, Jonathan Adler denies the allegations in paragraph 65.

## V.    CLASS ALLEGATIONS

66.    Jonathan Adler admits only that Plaintiff purports to bring this action as a putative class action. Jonathan Adler denies the remaining allegations in paragraph 66 and expressly denies that this action may be certified as a class action.

67.    Jonathan Adler admits only Plaintiff purports to bring this action on behalf of the putative "Class" as defined in paragraph 66. Jonathan Adler denies all remaining allegations in paragraph 67, including that this action may be certified as a class action.

68.    Jonathan Adler admits only that Plaintiff purports to bring this action as a class action with the putative "Class Period" defined in paragraph 67. Jonathan Adler denies all remaining allegations in this paragraph, including that this action may be certified as a class action.

69.    Jonathan Adler denies the allegations in paragraph 69.

70.    Jonathan Adler denies the allegations in paragraph 70.

71.    Jonathan Adler denies the allegations in paragraph 71.

72.    Jonathan Adler denies the allegations in paragraph 72.

73.    Jonathan Adler admits only that Plaintiff has retained counsel to pursue this action

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 9
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

and denies all remaining allegations in paragraph 73.

74.     Jonathan Adler denies the allegations in paragraph 74.

75.     Jonathan Adler denies the allegations in paragraph 75.

76.     Defendant denies the allegations in paragraph 76.

## VI.    CLAIMS TO RELIEF

### First Claim to Relief

#### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

77.     Jonathan Adler incorporates its responses to paragraphs 1-65 as its response to paragraph 77. To the extent that a further response is required, Jonathan Adler denies the allegations in paragraph 77.

78.     Paragraph 78 contains a legal conclusion to which no response is required. Paragraph 78 quotes the legislative text of CEMA. CEMA speaks for itself. To the extent that a further response is required, Jonathan Adler denies the allegations in paragraph 78.

79.     Paragraph 79 contains a legal conclusion to which no response is required. To the extent a response is required, Jonathan Adler admits that it is a limited liability company and denies all remaining allegations in paragraph 79.

80.     Jonathan Adler denies the allegations in paragraph 80.

81.     Jonathan Adler denies the allegations in paragraph 81.

82.     Jonathan Adler denies the allegations in paragraph 82.

83.     Jonathan Adler denies the allegations in paragraph 83.

### Second Claim to Relief
#### Violation of the Consumer Protection Act, RCW 19.86.020

84.     Jonathan Adler incorporates its responses to paragraphs 1-65 as its response to paragraph 84. To the extent that a further response is required, Jonathan Adler denies the

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 10
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

allegations in paragraph 84.

85.    Paragraph 85 contains a legal conclusion to which no response is required. Paragraph 85 quotes the legislative text of the Washington Consumer Protection Act (the "CPA"). The CPA speaks for itself. To the extent that a further response is required, Jonathan Adler denies the allegations in paragraph 85.

86.    Paragraph 86 states a legal conclusion to which no response is required. Paragraph 86 cites the CPA. The CPA speaks for itself.

87.    Paragraph 87 contains a legal conclusion to which no response is required. To the extent a response is required, Jonathan Adler denies the allegations in paragraph 87.

88.    Paragraph 88 contains a legal conclusion to which no response is required. Paragraph 88 quotes CEMA. CEMA speaks for itself. Jonathan Adler denies all remaining allegations in paragraph 88.

89.    Paragraph 89 states a legal conclusion to which no response is required. To the extent that a response is required, Jonathan Adler admits only that it is a limited liability company and denies all remaining allegations in paragraph 89.

90.    Jonathan Adler denies the allegations in paragraph 90.

91.    Jonathan Adler denies the allegations in paragraph 91.

92.    Jonathan Adler denies the allegations in paragraph 92.

93.    Jonathan Adler denies the allegations in paragraph 93.

### VII.    JURY DEMAND

94.    Paragraph 94 states an intent to demand a jury trial by separate document and therefore no response is required.

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 11
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

1

## VIII.   PRAYER FOR RELIEF

In response to the Prayer for Relief, including its sub-paragraphs A-E, Jonathan Adler denies that Plaintiff or the putative class is entitled to any of the relief sought therein.

## IX.     ANSWER TO ALL ALLEGATIONS

Jonathan Adler denies any and all allegations not expressly admitted herein. Jonathan Adler expressly reserves the right to amend its Answer, as additional facts are obtained through investigation and discovery.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, subject to discovery and further investigation and upon information and belief and without assuming the burden on any issue for which Plaintiff bears the burden, Jonathan Adler asserts the following defenses

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

1.     The Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2.     Plaintiff's Complaint and all causes of action therein are barred, in whole or in part, because Plaintiffs and/or the putative class members lack standing to assert any or all of the causes of action alleged in the Complaint because they have sustained no damages or injury and, even if they have sustained injury or damages, such injuries or damages were not related to or caused by Defendant's conduct The causes of action asserted in the Complaint are further barred to the extent Plaintiff lacks standing to seek the forms of relief sought by the Complaint.

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 12
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

1
2

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3

3.      Plaintiff's claims are barred or otherwise limited by the applicable statute of

4

limitations including, without limitation, RCW 4.16.115 and/or RCS 4.16.080.

5
6

### FOURTH AFFIRMATIVE DEFENSE
### (Preemption—CAN-SPAM Act)

7

4.      The claims of Plaintiff and/or the putative class are preempted in whole or in part

8
9

by applicable federal law, including the Controlling the Assault of Non-Solicited Pornography

and Marketing Act of 2003 ("CAN-SPAM" Act), 15 U.S.C. § 7701 *et seq.*

10
11

### FIFTH AFFIRMATIVE DEFENSE
### (Preemption—Commerce Clause of U.S. Constitution)

12
13

5.       The claims asserted in the Complaint are barred, in whole or in part, by the

Commerce Clause of the United States Constitution, U.S. Const. Art. I, § 8, cl. 3, including the

14
15

"Dormant Commerce Clause."

16
17

### SIXTH AFFIRMATIVE DEFENSE
### (Due Process Clause of U.S. and Washington Constitutions)

18

6.      The claims asserted in the Complaint are barred, in whole or in part, by the

19
20

Constitution of the United States and the Constitution of the State of Washington, including

their due process clauses, because the statutory damages and penalties sought in the Complaint

21

are excessive.

22
23

### SEVENTH AFFIRMATIVE DEFENSE
### (Free Speech Clause of U.S. and Washington Constitutions)

7.      The claims asserted in the Complaint are barred, in whole or in part, by the

24
25

protections against restrictions on freedom of expression under the First Amendment of the

26

United States Constitution and the Washington Constitution.

27

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 13
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

## EIGHTH AFFIRMATIVE DEFENSE
### (Pending Legislation)

8.    The claims asserted in the Complaint are barred, in whole or in part, by pending legislation. In the event proposed or future legislation results in alterations to the statutes pursuant to which Plaintiff and/or the putative class seek relief, whether enacted prior to judgment or with retroactive application, modifies, limits, or eliminates the causes of action asserted or relief sought, `the claims asserted in the Complaint will be barred.

## NINTH AFFIRMATIVE DEFENSE
### (Abuse of Legal Process)

9.    Plaintiff's claims are knowingly false, legally frivolous, brought for a wrongful purpose, and constitute an abuse of the legal process.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

10.    The causes of action asserted in the Complaint are barred by the doctrine of unclean hands as a result of Plaintiff's own conduct and omissions or of others attributable to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

11.    Plaintiff's claims are barred or otherwise limited to the extent that Plaintiff has failed to mitigate or avoid the purported damages alleged.

## TWELFTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

12.    Plaintiff's claims and the claims of the putative class members are barred by the doctrine of laches.

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 14
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

1
2

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

3

13.     Plaintiff's claims and the claims of the putative class members are barred because

4

Plaintiff and the putative class members are estopped by their own conduct from pursuing the

5

claims asserted in the Complaint.

6

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence/Ratification)

7

8

14.     The claims asserted in the Complaint are barred by the doctrines of acquiescence

9

and/or ratification due to the acts and omissions of Plaintiff and/or putative class members or

10

others that are attributable to Plaintiff and/or putative class members.

11

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Waiver/Release)

12

13

15.     Plaintiff and putative class members' claims are barred by their waiver

14

and/or release of whatever rights they may have had to pursue the alleged claims against

15

Defendant.

16

17

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

18

19

16.     Plaintiff and putative class members' claims are barred because, if allowed

20

to recover on the claims asserted in the Complaint, Plaintiff and putative class members would

21

be thereby unjustly enriched.

22

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Justification)

23

24

17.     The claims asserted in the Complaint are barred, in whole or in part, by the

25

doctrine of justification.

26

27

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 15
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

1
2

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Lack of Privity)**

3
4

18.     The claims asserted in the Complaint are barred, in whole or in part, by lack of

privity.

5
6

### NINETEENTH AFFIRMATIVE DEFENSE
**(Mootness)**

7
8

19.     The claims asserted in the Complaint are barred, in whole or in part, to the extent

that the claim(s) or the relief sought have been rendered moot.

9
10

### TWENTIETH AFFIRMATIVE DEFENSE
**(No Violation of Law or Regulation)**

11
12

20.     The claims asserted in the Complaint are barred, in whole or in part, because

Defendant has not violated any applicable law or regulation alleged in the Complaint.

13
14

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(No Entitlement to Damages)**

15
16
17

21.     Plaintiff and putative class members are barred from recovery neither

Plaintiff nor the putative class members can demonstrate an entitlement to damages due to any

18

act or omission of Defendant. The Complaint's claims for restitution and damages are barred for

19

the additional reason that any such amount of restitution or damages is speculative making it

20

impossible to ascertain or allocate any alleged damages.

21
22

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Failure to Satisfy Fed. R. Civ. P. 23)**

23
24

22.     To the extent Plaintiff seeks or purports to certify a class, the allegations in the

25

Complaint do not give rise to class status because Plaintiff and the putative class fail to satisfy

26

the requirements of Rule 23(a) and (b), including numerosity, commonality, typicality, adequacy,

27

predominance and superiority. Further, any putative class action would not be manageable or

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 16
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

superior to individual actions. Further, class certification would result in a deprivation of due process to Defendant as well as to the putative class.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Basis for Injunctive Relief)

23.    The Complaint fails to state a claim for injunctive relief because no threat of harm exists sufficient to warrant such relief and the Complaint fails to state facts sufficient to support a claim for injunctive relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Entitlement to Attorneys' Fees)

24.    The Complaint fails to state facts sufficient to support a claim for attorneys' fees.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing on Behalf of Class)

25.    Plaintiff lacks standing to pursue claims on behalf of absent class members who were not injured, did not rely on the alleged misrepresentations, or did not suffer economic injury as required under Article III of the United States Constitution and applicable laws of the State of Washington. Plaintiff further lacks standing to adequately represent the class under Rule 23(a)(3) and (4) because the allegations of the Complaint do not establish typicality or adequacy. In addition, unidentified members of the putative class may lack standing and thus may not be included in the putative class.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Consent/Terms of Use)

26.    The claims asserted in the Complaint are barred in whole or in part by Defendant's Terms of Use.

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 17
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

1
2

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
**(Reservation of Right to Assert Other Defenses)**

3       27.     Defendant reserves all rights to assert and rely upon further defenses as they

4    become known during discovery or further investigation or otherwise become available or

5    applicable, and to amend this Answer accordingly.

6
7       **WHEREFORE,** Defendant respectfully requests that the Court:

8
9       (a)      Enter judgment in favor of Defendant and against Plaintiff on all alleged claims

for relief;

10
11      (b)      Dismiss Plaintiff's claims against Defendant with prejudice;

12      (c)      Require Plaintiff and/or her attorneys to pay all of Defendant's attorneys' fees

13    and costs in defending this action; and

14      (d)      Grant such other and further relief in favor of Defendant as the Court deems just

15    and proper.

16
17       Dated this 9th day of February 2026.

BERESFORD BOOTH
18                                                              By:    _/s/ Todd J. Cook_
                                                                Todd J. Cook, WSBA No. 44729
19                                                              145 Third Ave. South
                                                                Edmonds, Washington 98020-3593
20                                                              Phone: (425) 776-4100
21                                                              Email: toddc@beresfordlaw.com

22
                                                                BOCHNER PLLC
23                                                              By:    _/s/ Catherine M. Towne_
                                                                Catherine M. Towne, Esq., *Pro Hac Vice*
24                                                              1040 Avenue of the Americas, 15th Floor
                                                                New York, NY 10018
25                                                              Phone: (646) 971-0685
                                                                Email: ctowne@bochner.law
26                                                              *Attorneys for Defendant Jonathan Adler
27                                                              Enterprises, LLC*

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 18
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

1

2

CERTIFICATE OF SERVICE

3

      I hereby certify that on February 9th 2026, I electronically filed the foregoing with the

4

Clerk of the Court using the CM/ECF system which will send electronic notification of such

filing to all counsel of record.

5

6
                              By: /s/ Leah Bartoces
                                  Leah Bartoces
7                                 Paralegal to Todd J. Cook

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JONATHAN ADLER ENTERPRISES, LLC'S
ANSWER TO COMPLAINT WITH
AFFIRMATIVE DEFENSES - PAGE 19
CASE NO. 25-CV-02596-SKV

**BERESFORD ♦ BOOTH**
145 THIRD AVENUE SOUTH
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax