IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY ISBELL, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN ADLER ENTERPRISES, LLC,<br><br>Defendant. | Case No.: 2:25-cv-02596-SKV<br><br>Honorable District Judge<br> Kymberly K. Evanson<br><br>**PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)** |

I. **INTRODUCTION**

Pursuant to this Court's orders on January 8, 2026, Dkt. 18, the parties, Kelly Isbell ("Plaintiff") and Defendant Jonathan Adler Enterprises, LLC, ("Jonathan Adler" or "Defendant"), present this Joint Status Report, pursuant to Fed. R. Civ. P. 26(f). The parties conferred by videoconference on January 28 and February 16, 2026, in a Rule 26(f) conference about the topics recited in this report.

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)

- 1 -

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 FAX 872.263.1109
straussborrelli.com

II.   **JOINT STATUS REPORT**

**1.    A statement of the nature and complexity of the case.**

This is a proposed class action case originally filed on November 14, 2025, in Washington Superior Court, King County (Case No. 25-2-34128-3 SEA). The case was removed to this Court by Defendant on December 17, 2025, Dkt. 1.

Plaintiff has pled claims against Jonathan Adler on behalf of herself and proposed class members under the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Washington Consumer Protection Act ("CPA"), RCW 19.86.020. *See generally* Complaint, Dkt. 1.1Plaintiff alleges, in summary, that Jonathan Adler engages in a pattern of spamming Plaintiff and putative class members with emails containing "false time scarcity" messages in the emails' subject headings, as to deals, sales and/or pricing on its products. *Id.* at ¶¶ 30-51. As pled by Plaintiff, these deceptive and/or false messages regarding the availability of deals or pricing violate CEMA's prohibition against knowingly sending emails that contain "false or misleading information in the subject line," which likewise constitutes a *per se* violation of the CPA. *Id.* at ¶¶ 66-76, 84-93.

The parties filed a stipulation extending Jonathan Adler's deadline to file its response to Plaintiff's Class Action Complaint up to and including February 9, 2026, Dkt. 10, that was granted by this Court on December 29, 2025, Dkt. 14.

**2.    Proposed deadline for amending the pleadings and joining additional parties.**

The parties propose that the deadline to amend the pleadings and join additional parties will be due **30 days** prior to the close of discovery.

**3.    Consent to case assignment to magistrate judge.**

No.

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)

- 2 -

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 FAX 872.263.1109
straussborrelli.com

4.   **Discovery Plan pursuant to FRCP 26(f)(3) and Local Civil Rule 26(f)(1).**

   A.   **Prompt case resolution.**

   The parties have conferred and are open to early case resolution discussions.

   B.   **Alternative Dispute Resolution.**

   The parties agree that private mediation would likely suit the needs of this case, should this case proceed beyond the pleadings.

   C.   **Related cases.**

   N/A.

   D.   **Initial disclosures.**

   Plaintiff exchanged her initial disclosures with Defendant on February 10, 2026.

   Defendant will exchange its initial disclosures with Plaintiff on February 26, 2026. Plaintiff does not oppose the extension.

   E.   **Subjects, timing, and potential phasing of discovery.**

   <u>Plaintiff's Position</u>: Plaintiff intends to seek discovery regarding Defendant's email marketing campaigns, all interactions with the Plaintiff, documents concerning Defendant's selection of subject headings for emails sent to Washington consumers, and records demonstrating that Defendant knew its emails were being sent to solicit consumers located in Washington. Additional discovery topics include (1) Defendant's knowledge of and involvement in the deceptive email practices alleged in the operative Complaint; (2) the identity and actions of agents of the Defendant in crafting the practices alleged in the operative Complaint; (3) the scope and extent of the proposed Classes; (4) all evidence relating to the email communications at issue; (5) information concerning the sales, deals and/or pricing of products marketed by Defendant to Plaintiff and putative class members during the class period, including data showing how the email

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)

- 3 -

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 FAX 872.263.1109
straussborrelli.com

1  subject headings affected sales; (6) any defenses; and (7) related communications and records in
2  Defendant's possession.

3  Plaintiff opposes any bifurcating of discovery as this is a class action lawsuit, and Plaintiff
4  intends to move for class certification in a timely manner in which class discovery is essential.
5  Plaintiff opposes phasing discovery because it is often impossible to differentiate what discovery
6  relates to the merits and what relates to class certification (often because its frequently both).
7  Phasing can also be inefficient because it could mean that a person is deposed in the class
8  certification phase and then again in the merits phase. Phasing also frequently leads to more
9  disputes and more burden on this Court to resolve those disputes. Plaintiff is willing to consider
10 any request by Defendant to delay responding to specific requests or interrogatories until after
11 class certification, such as seeking discovery first that is essential for Plaintiff to move for class
12 certification. However, this should not limit discovery, only aid in prioritizing, as Plaintiff does
13 not agree to a broad generalized phasing.

14 <u>Jonathan Adler's Position</u>: Jonathan Adler believes that discovery should be phased, with
15 the initial phase of discovery limited to issues related to Plaintiff's individual claims and class
16 certification. Only if Jonathan Adler's summary judgment motion is denied should discovery
17 proceed to the second phase, which would address issues related to class-wide claims. Threshold
18 issues of standing, consent, and initiation or causation of transmission may be dispositive.
19 Resolution of these issues through summary judgment may substantially narrow or eliminate the
20 need for broad class-wide discovery. Non-phased approach to discovery would be disproportionate
21 under Rule 26(b)(1) given the potentially dispositive nature of the preliminary issues.

22 Jonathan Adler intends to seek targeted discovery on threshold issues related to liability and
23 standing; including, the complete native versions of the emails Plaintiff alleges she received,

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)

- 4 -

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 FAX 872.263.1109
straussborrelli.com

including all header information and metadata as received by Plaintiff, as well as documents sufficient to establish when and where the emails were received. Jonathan Adler also intends to seek discovery regarding Plaintiff's consent to receive commercial electronic mail, the circumstances under which Plaintiff's email address was obtained or subscribed. Jonathan Adler further intends to seek discovery regarding: (1) the facts supporting Plaintiff's allegation that the subject headings or header information were false or misleading; (2) Plaintiff's factual basis for alleging that Jonathan Adler initiated or caused the transmission of the emails, including the identity of any third parties Plaintiff contends were involved and the basis for attributing their conduct to Jonathan Adler; (3) the number of emails allegedly received and the basis for Plaintiff's calculation of statutory or actual damages; and (4) Plaintiff's standing to pursue the asserted claims.

F. **Electronically stored information ("ESI").**

The parties will submit an agreed Stipulated Order on Electronically Stored Information ("ESI") Protocol that will provide an agreed procedure for handling ESI in this matter, including proper methods of ESI production and preservation of discoverable information. The parties intend to use the Court's Model Protocol in submitting their stipulation.

G. **Privilege issues.**

The parties will submit a proposed Stipulated Protective Order that will provide an agreed procedure for handling confidentiality designations in this matter, including inadvertent production of privileged and/or protected material. The parties will use the Court's model stipulated protective order in submitting their proposed stipulation, and, if any changes are proposed to the model stipulated protective order, the parties will abide by the Court's rules in submitting.

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)

- 5 -

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 FAX 872.263.1109
straussborrelli.com

The parties are unaware of any unique or specific issues of privilege in this case and will confer in good faith on negotiating a Stipulated Protective Order. The parties further agree to efficiently address assertions of privilege, including through the production of privilege logs.

H. **Proposed limitations on discovery.**

The parties do not anticipate the need for any changes or limitations on discovery beyond those provided in the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court. The parties reserve the right to seek modifications in the future, including additional interrogatories or depositions if necessary.

I. **The need for any discovery−related orders.**

The parties will seek Court intervention on discovery-related issues if necessary.

**5.    The date by which discovery will be completed any other deadlines requested pre−class certification..**

The parties propose that discovery should be completed within **eighteen (18) months** from the date of the parties' 26(f) conference.

**6.    The parties' proposed deadline for filing a class−certification motion and a proposed briefing schedule.**

Proposed deadlines for class certification as follows:

A. Plaintiff anticipates filing a Motion for Class Certification of this matter, after the close of discovery. *See supra* No. 5.

B. Defendant proposes that the Motion be filed <u>30 days</u> after the close of phase 1 discovery, with Defendant's response due on or before <u>60 days</u> after the Motion is filed, and Plaintiff's reply in further support due on or before <u>30 days</u> after the filing of a response. Plaintiff opposes phasing of discovery and proposes that the Motion be filed 30 days after the close

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)

- 6 -

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 FAX 872.263.1109
straussborrelli.com

of discovery, with Defendant's response due on or before 45 days after the Motion is filed and Plaintiff's reply in further support due on or before 30 days after the filing of a response.

**7.  Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

At this time, the parties do not believe that the pretrial statements or pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy. The parties reserve the right to amend later if it becomes too burdensome.

**8.  Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

The parties do not intend to utilize the Individualized Trial Program set forth in Local Rule 39.2. The parties agree that private mediation would likely be the best option for ADR options at this time.

**9.  Any other suggestions for shortening or simplifying the case.**

The parties have no other suggestions for shortening or simplifying the case at this time.

**10.  Whether the trial will be jury or non−jury.**

Plaintiff has requested a trial by jury.

\\

\\

\\

\\

\\

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)

- 7 -

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 FAX 872.263.1109
straussborrelli.com

**11.     The names, addresses, and telephone numbers of all trial counsel.**

<u>Counsel for Plaintiff</u>:
Samuel J. Strauss
Raina C. Borrelli
STRAUSS BORRELL PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops
Natalie A. Lyons
Ian R. Bensberg
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV
Michael C. Tackeff
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

<u>Counsel for Defendant</u>:
Todd J. Cook, WSBA No. 44729
145 Third Ave. South
Edmonds, Washington 98020-3593
Phone: (425) 776-4100
Email: toddc@beresfordlaw.com

Catherin M. Towne, Esq.
BOCHNER PLLC
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
Phone: (646) 971-0685
Email: ctowne@bochner.law

**12.     If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All named defendants have been properly served in this case.

**13.     Whether any party wishes a pretrial FRCP 16 conference with the judge prior to entry of any order pursuant to Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in−person or telephonic conference.**

The parties do not wish to have a scheduling conference in advance of the Court's entry of a scheduling order in this case unless the Court sees fit, then the parties would be happy to attend a scheduling conference with the Court prior to the entry of a scheduling order.

**14.     List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Defendant filed its Rule 7.1 disclosure statement on December 23, 2025, Dkt. 11.

FRCP 7.1 and Local Civil Rule 7.1 do not apply to individuals and thus does not apply to Plaintiff.

**15.     A certification that all counsel and any *pro se* parties have reviewed the Civil Rules, the Local Rules, the applicable Electronic Filing Procedures, and Judge Evanson's Chambers Procedures for Civil Cases, and the appl.**

I certify that I have reviewed the Civil Rules, the Local Rules, the applicable Electronic Filing Procedures, and Judge Evanson's Chambers Procedures for Civil Cases, and the appl.

*/s/Samuel J. Strauss*
Counsel for Plaintiff

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)

- 9 -

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 FAX 872.263.1109
straussborrelli.com

I certify that I have reviewed the Civil Rules, the Local Rules, the applicable Electronic Filing Procedures, and Judge Evanson's Chambers Procedures for Civil Cases, and the appl.

<u>/s/Todd J. Cook</u>
Counsel for Defendant

**16.  A certification that all counsel and any *pro se* parties have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.**

I certify that I have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

<u>/s/Samuel J. Strauss</u>
Counsel for Plaintiff

I certify that I have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

<u>/s/Todd J. Cook</u>
Counsel for Defendant

*[Counsel signatures to follow on next page.]*

RESPECTFULLY SUBMITTED AND DATED this February 19, 2026, by:

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F) — - 10 -

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 FAX 872.263.1109
straussborrelli.com

| | | |
|---|---|---|
| 1 | /s/ Samuel J. Strauss | /s/ Todd J. Cook |
| | Samuel J. Strauss, WSBA #46971 | Todd J. Cook, WSBA No. 44729 |
| 2 | Raina C. Borrelli* | 145 Third Ave. South |
| | **STRAUSS BORRELLI PLLC** | Edmonds, Washington 98020-3593 |
| 3 | 980 N. Michigan Avenue, Suite 1610 | Phone: (425) 776-4100 |
| | Chicago, IL 60611 | Email: toddc@beresfordlaw.com |
| 4 | Tel.: (872) 263-1100 | |
| | sam@straussborrelli.com | Catherine M. Towne, Esq. (pro hac vice) |
| 5 | raina@straussborrelli.com | **BOCHNER PLLC** |
| | | 1040 Avenue of the Americas |
| 6 | Lynn A. Toops* | 15th Floor |
| | Natalie A. Lyons* | New York, NY 10018 |
| 7 | Ian R. Bensberg* | Phone: (646) 971-0685 |
| | **COHENMALAD, LLP** | Email: ctowne@bochner.law |
| 8 | One Indiana Square, Suite 1400 | |
| | Indianapolis, IN 46204 | **Counsel for Defendant** |
| 9 | Tel.: (317) 636-6481 | |
| | ltoops@cohenmalad.com | |
| 10 | nlyons@cohenmalad.com | |
| | ibensberg@cohenmalad.com | |
| 11 | | |
| | Gerard J. Stranch, IV* | |
| 12 | Michael C. Tackeff* | |
| | Andrew Murray* | |
| 13 | **STRANCH, JENNINGS & GARVEY, PLLC** | |
| 14 | 223 Rosa L. Parks Avenue, Suite 200 | |
| | Nashville, TN 37203 | |
| 15 | Tel.: (615) 254-8801 | |
| | gstranch@stranchlaw.com | |
| 16 | mtackeff@stranchlaw.com | |
| | amurray@stranchlaw.com | |
| 17 | | |
| 18 | * Applications for admission *pro hac vice* forthcoming | |
| 19 | | |
| 20 | **Counsel for Plaintiff and the Proposed Class** | |

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)  
- 11 -  
STRAUSS BORRELLI PLLC  
980 North Michigan Ave., Suite 1610  
Chicago, Illinois 60611  
TEL. 872.263.1100 FAX 872.263.1109  
straussborrelli.com